Defendant-appellant Charles Gallagher appeals the October 6, 1997, decision of the Coshocton County Court of Common Pleas adjudicating him a habitual sex offender as defined in R.C.2950.01(B). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On August 17, 1994, appellant was indicted by the Coshocton County Grand Jury on two counts of corruption of a minor in violation of R.C. 2907.04(A). At his arraignment of August 29, 1994, appellant entered a plea of not guilty to the charges contained in the indictment. Thereafter, on October 31, 1994, appellant entered a written plea of guilty to count one in which he admitted that "on or about November 5, 1993, or November 12, 1993, and believed to be November 5, 1993," he had engaged in sexual conduct with another who was not his spouse when he knew such other person was 13 years of age or older but less than 16 years of age, or was reckless in that regard. The State's request for leave of court to enter a Nolle Prosequi as to count two was granted. Appellant's written plea agreement was filed on October 31, 1994. A Judgment Entry memorializing the same was filed on November 4, 1994.
After a pre-sentence investigation and report was completed, appellant, on January 17, 1995, was sentenced to prison for a definite term of one and a half (1-1/2) years. However, appellant's sentence was then suspended and appellant was placed on probation for a period of five (5) years under specified terms. The Judgment Entry of Sentencing was filed on January 20, 1995. After finding appellant guilty of violating the terms of his probation the trial court, on February 24, 1997, revoked appellant's probation and reinstated his sentence pursuant to a Judgment Entry filed on February 26, 1997.
After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, a hearing to determine whether appellant should be adjudicated a sexual predator was held on September 22, 1997. At the hearing, appellant unsuccessfully challenged the constitutionality of R.C. Chapter 2950 on double jeopardy, ex post facto and retroactivity grounds. The trial court, after considering the screening instrument from the Ohio Department of Rehabilitation and Corrections recommending that appellant be adjudicated a sexual predator and appellant's pre-sentence investigation, held that there was insufficient evidence to find that appellant was a sexual predator. However, the trial court found that there was sufficient evidence to establish that appellant was a habitual sex offender as defined in R.C.2950.01(B). On October 6, 1997, the trial court filed a Sentencing Addendum and Inmate Sentencing Attachment memorializing its decision. In the Sentencing Addendum, the court specifically found that the victim was under the age of 18.
It is from the trial court's October 6, 1997, decision that appellant prosecutes this appeal, raising the following assignments of error:
 I. THE COURT'S DECISION VIOLATES THE OHIO AND FEDERAL CONSTITUTIONS BY LABELING THE DEFENDANT AS A SEXUAL PREDATOR AND SUBJECTING HIM TO THE REQUIREMENTS OF O.R.C. 2950.
II. O.R.C. 2950.09(C) IS VOID FOR VAGUENESS.
 III. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
Appellant's first and second assignments are overruled on the authority of State v. Cook (1993), 83 Ohio St. ed 404, State v.Nosic, (February 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair, (February 1, 1999), Stark App. No. 1997CA00232, unreported.
 III
In his third assignment of error, appellant argues that the trial court's decision is against the manifest weight of the evidence. Appellant specifically contends that "the level of evidence submitted does not show by clear and convincing evidence that [appellant] is a sexual predator."
In State v. Cook, supra., the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C. E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
However, the trial court never adjudicated appellant a sexual predator, finding that there was insufficient evidence to support such an adjudication. Rather, as evidenced by the October 6, 1997, Sentencing Addendum and Inmate Sentencing Attachment, the trial court found that there was sufficient evidence to establish that appellant was a habitual sex offender. R.C. 2950.01(B) defines a "habitual sex offender"as meaning a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to at least one sexually oriented offense. Appellee, in its brief, concedes that the trial court's determination that appellant is a habitual sex offender is not supported by the evidence since appellant does not have a prior conviction for a sexually oriented offense. The trial court erred, therefore, in classifying appellant as a habitual sex offender.
Accordingly since the decision of the Coshocton County Court of Common Pleas adjudicating appellant a habitual sex offender as defined in R.C. 2950.01(B) is not supported by competent, credible evidence and is against the manifest weight of evidence, appellant's third assignment of error is sustained.
Pursuant to R.C. 2950.01(D)(2)(a), a violation of R.C.2907.04 (corruption of a minor) involving a victim who is a minor is considered to be a violation of a sexually oriented offense. A person who is convicted of a sexually oriented offense must register with the sheriff of the county where the offender is residing. R.C. 2905.04 Subsequent code sections require the offender to notify the sheriff of address changes and to periodically verify his address with the sheriff.
The judgment of the Coshocton County Court of Common Pleas is reversed. This matter is remanded to the Coshocton County Court of Common Pleas for proceedings consistent with this opinion.
By Edwards, J., Gwin, P. J. and Farmer, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is reversed and remanded back to the trial court to make an order consistent with this opinion. Costs waived.
---------------------------
---------------------------
 --------------------------- JUDGES